FILED

2007 Oct-22  PM 12:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PENNSYLVANIA NATIONAL** | ) | |
| **MUTUAL CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2:07-CV-1092-VEH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMERICAN MANAGEMENT** | ) | |
| **GROUP, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss and/or Stay Proceedings (doc. 2),

filed by the Defendant, Birmingham Engineering & Construction Consultants, Inc.

(hereinafter "BECC").  For the reasons set forth herein, the motion is due to be

**DENIED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

This action was filed by the Plaintiff, Penn National Mutual Casualty Insurance

Company (hereinafter "Penn National"), pursuant to the Declaratory Judgment Act,

28 U.S.C. § 2201, on June 11, 2007.  (doc. 1).  In its complaint, Penn National seeks

a determination of its rights and duties under a general liability insurance policy[1] it

issued to BECC.  (doc. 1 ¶ 10, "Prayer for Relief ¶ (a)).  Specifically, Penn National

asks this court to determine whether it must defend and indemnify BECC against

claims currently pending against BECC in the Circuit Court of Jefferson County,

Alabama.[2]  (doc. 1 ¶¶ 7, 10, "Prayer For Relief" ¶ (a)).  Penn National is now

providing BECC with a defense in the State court action "under a reservation of

rights."  (doc. 1 ¶ 9).

On June 26, 2007, BECC filed the pending Motion to Dismiss Penn National's

petition for declaratory relief and/or Stay Proceedings pursuant to FED. R. CIV. P.

12(b)(1) and (6).  (doc. 2).  On July 3, 2007, the State court plaintiffs joined in

BECC's Motion to Dismiss.  (doc. 7).  On July 2, 2007, Penn National filed its

Response in Opposition to the Motion to Dismiss and/or Stay.  (doc. 6).  No reply has

been filed by BECC or the State court plaintiffs.

---

[1]  The effective dates of said policy were May 1, 2005 to May 1, 2006.  (doc. 1 ¶ 6).

[2]  In the underlying State court action, BECC has been sued by Samuel and Kim Smith and Jane Treadwell (hereinafter "the State court plaintiffs") for negligence and wantonness, fraud, and emotional distress and/or mental anguish in connection with the construction of two single-family homes in Helena, Alabama.  (doc. 1, exh. B).

Co-defendants in the State court action are American Management Corp., and American Homes & Land Corp. and its owner/president, Gary Thomas (hereinafter "the AH & L defendants"). (doc. 1, exh. B).  The State court plaintiffs asserted all of the above claims against BECC and the AH & L defendants.  (Id.).  The State court plaintiffs also asserted a breach of contract claim against the AH & L defendants, but not against BECC.  (Id.).

## II.   STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(1) provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction.  FED. R. CIV. P. 12(b)(6) provides for dismissal for failure of a party to state a claim for which relief can be granted.  Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).[3]

### A.   Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming,* 281 F.3d at 161.  Lack of subject matter jurisdiction may be found through an examination of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.  See *id.*  Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, the plaintiff

---

[3]  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

"constantly bears the burden of proof that jurisdiction does in fact exist."  See

*Ramming*, 281 F.3d at 161, citing *McDaniel v. United States*, 899 F.Supp. 305, 307

(E.D.Tex. 1995), and *Menchaca v. Chrysler Credit Corp*, 613 F.2d 507, 511 (5th Cir.

1980).

### B.      Failure to State a Claim Upon Which Relief Can Be Granted

Dismissal for failure to state a claim upon which relief may be granted does not

require appearance, beyond a doubt, that the plaintiff can prove no set of facts in

support of claim that would entitle him to relief.  *Bell Atlantic v. Twombly*, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct.

99, 2 L.Ed.2d 80 (1957).  Rather, a motion to dismiss under Rule 12(b)(6) should be

granted if the plaintiff is unable to articulate "enough facts to state a claim to relief

that is plausible on its face."  *Twombly*, 127 S.Ct. at 1964-65.  "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do[.]" *Id.*, quoting *Papasan v. Allain*, 478 U.S.

265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  However, "once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint."  *Id.*, 127 S. Ct. at 1969.

In deciding a Rule 12(b)(6) motion, the court "must accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002), citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001). Furthermore, "[a] complaint may not be dismissed because the Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original), citing *Robertson v. Johnson*, 376 F.2d 43 (5th Cir. 1967). "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985), quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983).

## III.   ANALYSIS

The court notes that, in its brief in support of the Motion to Dismiss, though

filed under Rule 12(b)(1), BECC does not argue that this court lacks jurisdiction over the subject matter of this action.  Rather, BECC urges this court to abstain from exercising jurisdiction in this case, based on its discretion over whether to hear an action filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).[4] Therefore, the court will limit its analysis to whether it shall exercise jurisdiction under the Declaratory Judgment Act.

The Declaratory Judgment Act provides, in relevant part, that

> [i]n a case of actual controversy[5] within its jurisdiction, [ ] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

---

[4]  Additionally, BECC argues no basis for dismissal pursuant to Rule 12(b)(6).

[5]  Penn National asserts that this court has jurisdiction pursuant to the diversity of citizenship between the adverse parties to this action.  (doc. 1 ¶ 1).  While neither BECC nor the State court plaintiffs has contested this court's jurisdiction, the court notes that jurisdiction is proper in this case.  Penn National is a corporate citizen of Pennsylvania, while all adverse parties, including BECC, the State court plaintiffs, and the AH & L defendants in the State court action are citizens or corporate citizens of Alabama.  (doc. 1, ¶¶ 2-4).

Furthermore, the court is satisfied that the requisite amount in controversy is also present.  While the underlying State court complaint is silent as to damages, the insurance policy at issue in this case extends to a general aggregate limit of $2 million.  (doc. 1, exh. A at 8).  Furthermore, under the reasoning of *Owners Ins. Co. v. James*, 295 F.Supp.2d 1354 (N.D.Ga. 2003), which this court adopts as persuasive authority, the costs of defending BECC in the State court action may also be considered part of the amount in controversy analysis.  *See Owners*, 295 F.Supp.2d at 1359.  Consequently, the court finds that, if Penn National is obligated under the policy to defend and indemnify BECC in the State court action, it could be liable for damages in excess of $75,000. See 28 U.S.C. § 1332(a).

The Declaratory Judgment Act is "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995).  As the statute expressly provides, the federal courts "may declare the rights and other legal relations" of interested parties within their jurisdictions.  28 U.S.C. § 2201(a) (emphasis added).  The Eleventh Circuit has also instructed that "[t]he Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'"  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005), quoting *Wilton*, 515 U.S. at 287, 115 S.Ct. at 2143.  "[The Declaratory Judgment Act] only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so."  *Id.*, citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942).  Furthermore, "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir. 2000).

In *Ameritas*, the Eleventh Circuit set forth the following guideposts to aid the district courts in determining how to exercise their discretion in a declaratory

judgment action where a parallel action is pending in State court:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate

those factual issues than is the federal court; and

> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331.

The court's decision to exercise jurisdiction over a declaratory judgment action is reviewed for an abuse of its discretion. *Ameritas*, 411 F.3d at 1330. "'[W]hen we say that a decision is discretionary, or that a district court has discretion to grant or deny a motion, we do not mean that the district court may do whatever pleases it. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.*, quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir.1984).[6]   Therefore, the court will carefully consider each of the *Ameritas* guideposts in determining how to exercise its discretion in this action.

As to the first guidepost – the strength of the State's interest in having the

---

[6] As noted by the court in *Ameritas*, the Eleventh Circuit "has repeatedly cited *Kern* for its elaboration of the abuse of discretion standard. *See United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir.2005); *Cooper v. Southern Co.*, 390 F.3d 695, 712 (11th Cir.2004); *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir.2004) (*en banc*); *Macklin v. Singletary*, 24 F.3d 1307, 1311 (11th Cir.1994); *In re Rasbury*, 24 F.3d 159 (11th Cir.1994)."   411 F.3d at 1330 n. 2.

issues raised in this action decided in the State court – BECC avers that the State has

a considerable interest in deciding the coverage issues presented here.  This action

requires the court to interpret an insurance policy issued in Alabama for BECC's

activities in Alabama, and to decide whether that policy extends coverage to an

Alabama citizen for its alleged wrongful acts against Alabama citizens in the course

of providing services in Alabama.

The court is mindful of this argument, and could find that this factor weighs in

favor of abstention.  Nevertheless, the second guidepost – whether the judgment in

the federal declaratory action would settle the controversy – weighs against

abstention.  Before addressing this factor specifically, however, a discussion of the

court's decision in *Ameritas* is appropriate.  The Eleventh Circuit there affirmed the

district court's dismissal of a declaratory judgment action, finding that the district

court had acted within its discretion in dismissing the case.  *Ameritas*, 411 F.3d at

1332.  However, the district court's dismissal was based in part on its conclusion that

it had only "an incomplete set of parties and claims" before it, while a parallel State

court action "encompassed the complete controversy." *Id.*, 411 F.3d at 1331.  Hence,

in *Ameritas*, the federal action could not be said to "settle the controversy" between

the parties, but the State court action could.

In the present case, however, the State court action does not encompass "the

complete controversy," primarily because (1) the coverage issues before this court are not before the State court, and (2) Penn National is not a party to the State court action.  Therefore, the issue of Penn National's rights and duties to BECC under the policy will not necessarily be resolved by the State court.  Hence, as stated *supra*, this guidepost weighs against abstention.

The third guidepost – whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue – also weighs against abstention.  BECC concedes that this court's determination of Penn National's rights and duties under the policy would bring the parties' legal relations into "sharper relief."  BECC argues, however, that the State court is in a equally advantageous position to grant such relief.  According to BECC, Penn National may simply partake of permissive intervention in the State court action, and thus render this action unnecessary.

BECC cites to *Universal Underwriters Ins. Co. v. East Central Alabama Ford-Mercury*, 574 So.2d 716 (Ala. 1990) to support this argument.  In *Universal*, the insurer of an automobile dealer sought permissive intervention in a State court action wherein the insured was being sued for fraud, breach of warranty, and other State law claims.  *Id.* at 718.  The insurer sought permissive intervention to determine whether it was obligated to defend and/or indemnify the insured in that action.  *Id.*  The trial

court denied the insurer's petition to intervene, and the insurer appealed. *Universal* at 718.

The Alabama Supreme Court affirmed the trial court's decision, and concluded that whether to grant or deny the petition to intervene was within the trial court's discretion. *Id.* The Supreme Court explained, at length, how a permissive intervention is implemented, and provided a survey of other jurisdictions' use of the method. *Id.* However, the court failed to offer a precise explanation of its conclusion that, in the case before it, the trial court acted within its discretion by denying intervention. *Id.* Nevertheless, this court notes that *Universal* does not stand for the proposition that Penn National has an automatic right to intervene in the State court action. Rather, *Universal* provides merely that, in Alabama, an insurer may be granted permissive intervention, but only if, in its "broad discretion," the State court allows it. *See Universal* at 723, citing generally *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871 (2d Cir.1984). However, as Penn National points out, it is no more guaranteed permissive intervention in the State court action than the insurer in *Universal*, whose petition to intervene was denied. Hence, while the parties' legal relations may be clarified in this action, such may not be the case in the State court action. Contrary to BECC's argument, therefore, the court can hardly conclude that this guidepost weighs in favor of abstention.

The fourth guidepost – whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to achieve a federal hearing in a case otherwise not removable – also weighs against abstention. The only argument BECC asserts in favor of abstention is the proposition that, because Penn National <u>might</u> be granted permissive intervention <u>if</u> the State court allows it, this court may assume that Penn National is merely forum shopping by filing its petition for relief in federal court instead of the State court. BECC points out that, <u>if</u> Penn National were granted permissive intervention in the State court action, the same issues that are now before this court may be tried by the State court. However, if this court were to decide those issues, such would require it to adjudicate the facts of the underlying State court claims, including whether BECC's actions were intentional. As a result, BECC asserts, this court would be rendering decisions with res judicata effect.

The court disagrees. That this action <u>might</u> create a res judicata effect is insufficient for this court to dismiss Penn National's petition for relief, particularly where, as explained *supra*, Penn National may not simply presume that it will be granted any declaratory relief by the State court. If this court were to dismiss Penn National's petition, Penn National may have no other avenue of relief available to it. Furthermore, BECC points to no authority, and the court is aware of none, that Penn National is required to seek and be denied intervention in State court <u>before</u> filing for

relief in this court.  Hence, that Penn National has the option of seeking relief in State court – relief which is not guaranteed – does not indicate that Penn National is either forum shopping or engaging in "procedural fencing" simply by filing its petition for relief in this court.

The fifth guidepost – whether the use of a declaratory action would increase the friction between our federal and State courts and improperly encroach on State jurisdiction – also weighs against abstention.  BECC argues that, if this court exercises jurisdiction, such would assuredly increase friction between this court and the State court.  According to BECC, "identical fact issues" are now before both courts, and this court's adjudication of Penn National's petition for relief "might" force the State court to "hold the underlying action in suspended animation" to await a final declaration from this court.

The court disagrees that its exercise of jurisdiction would assuredly increase friction with the State court.  This court is not asked to decide "identical fact issues" to those currently pending before the State court.  On the contrary, this court is requested to declare the rights and duties of Penn National, which is not a party to the State court action, under an insurance policy that present questions of law that are not before the State court and, as argued by Penn National, may never be.  Therefore, while BECC avers that this court's exercise of jurisdiction will undoubtedly increase

friction between it and the State court, the court finds no basis to agree.

As to the sixth guidepost – whether there is an alternative remedy that is better or more effective than this action – BECC's argument in favor of this factor appears to subsume the seventh and eighth guideposts: whether the underlying factual issues are important to an informed resolution of the case, and whether the State court is in a better position to evaluate those factual issues than this court.

BECC avers that the "heart" of this action will require this court to interpret policy language and to determine whether BECC's acts were intentional.  As BECC points out, neither question may be answered without an "in-depth study" into the facts presented in the State court action.  Because these factual issues are already before the State court, BECC argues that it is a "vastly superior" forum to decide the coverage issues than this court.

While the court is mindful of this argument, it cannot agree that the State court is a <u>conclusively</u> superior alternative remedy wherein Penn National can seek declaratory relief.  As explained at length *supra*, there is no guarantee that the State court will agree to hear Penn National's arguments as to the coverage issues before this court.  Only <u>if</u> the State court grants Penn National permissive intervention will BECC's arguments <u>conclusively</u> establish that the State court is a more appropriate forum to adjudicate Penn National's petition for relief.  Without a <u>guarantee</u> that it

will do so, however, this court cannot agree that the State court is a better or more effective alternative forum to this court.

As to the last guidepost – whether there is a close nexus between the underlying factual and legal issues and State law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action – BECC points out that the coverage issues presented by Penn National's petition for relief are governed exclusively by State law, with no implication of federal statutory or common law.

Penn National, however, appears to argue that the State court is not in a better position to decide the coverage issues because those issues are not currently before that court. This argument is inapposite. This question is not whether the same issues are present before both courts, but whether the coverage issues will be decided by State law or federal law.

The court finds that this factor weighs in favor of abstention. Nevertheless, as explained repeatedly *supra*, and regardless of whether the central issues in this action are governed by State law, this court can neither guarantee nor speculate that the State court will agree to hear those issues. However, BECC's only argument in favor of abstention turns on Penn National's possible intervention in the State court action. Contrary to BECC's argument, dismissal by this court, under these circumstances,

would hardly facilitate a "wise administration of justice."   (Brief in support of dismissal, pg. 11).

As to the Motion to Stay these proceedings, BECC argues no basis for the court to grant such relief.   BECC asserts merely that this court should stay this action pending the determination of whether BECC is liable to the State court plaintiffs. While the court acknowledges that the declaratory relief sought by Penn National as to <u>indemnity</u> might not be necessary if BECC is held not to be liable to the State court plaintiffs, this court nevertheless finds that a live issue is now present, and proper for adjudication, as to Penn National's disputed duty to <u>defend</u> BECC in the State court action.   Therefore, the court finds that a stay of these proceedings pending the conclusion of the State court action is not appropriate at this juncture.

## V.   CONCLUSION

In *Ameritas*, "[t]he district court below found that the declaratory judgment action amounted to unnecessary and inappropriate interference with the parallel state court action, which will resolve the entire controversy, and granted a dismissal.  [The Eleventh Circuit Court] agree[s]. . . ."  411 F.3d at 1329.

This court cannot conclude that the same is true as to this case, and finds that dismissal is not appropriate.  The Motion to Dismiss or Stay this action is due to be **DENIED**.  A separate Order will be entered.

**DONE** this the 22nd day of October, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge